AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Northern District of Ohio | |
|---|---|---|
| Name (under which you were convicted): <br><br> Mackenzie F. Shirilla | | Docket or Case No.: <br><br> CR-23-679612-A |
| Place of Confinement : <br><br> Ohio Reformatory for Women | Prisoner No.: <br><br> W111780 | |
| Petitioner (include the name under which you were convicted) <br><br> Mackenzie F. Shirilla    v. | Respondent (authorized person having custody of petitioner) <br><br> Erin Maldonado, Warden | |
| The Attorney General of the State of: Ohio | | |

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

Cuyahoga County Court of Common Pleas, Cleveland, Ohio

     (b) Criminal docket or case number (if you know):    CR-23-679612-A

2.    (a) Date of the judgment of conviction (if you know): 08/21/2023

     (b) Date of sentencing:    08/21/2023

3.    Length of sentence:    15 years to life

4.    In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:   Found guilty of 12 counts: 2 counts murder, O.R.C. 2903.02(A); 2 counts murder, O.R.C. 2903.02(B); 2 counts felonious assault, O.R.C. 2903.11(A)(1); 2 counts felonious assault, O.R.C. 2903.11(A)(2); 2 counts aggravated vehicular homicide, O.R.C. 2903.06(A)(2)(a); 1 count drug possession, O.R.C. 2925.11(A); 1 count possession of criminal tools, O.R.C. 2923.24(A). Because of merger, sentenced on 2 counts of murder, O.R.C. 2903.02(A) (purposeful killing), drug possession and criminal tools.

6.    (a) What was your plea? (Check one)

         ☑ (1)    Not guilty      ☐ (3)    Nolo contendere (no contest)

         ☐ (2)    Guilty          ☐ (4)    Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☐ Jury    ☑ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

    ☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    Eighth District Court of Appeals of Ohio

(b) Docket or case number (if you know):    CA-23-113167

(c) Result:    Affirmed

(d) Date of result (if you know):    10/18/2024

(e) Citation to the case (if you know):    254 N.E.3d 193, 2024-Ohio-4674

(f) Grounds raised:    See Attachment A

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

    If yes, answer the following:

    (1) Name of court:    Ohio Supreme Court

    (2) Docket or case number (if you know):    2025-0252

    (3) Result:    Jurisdiction declined

AO 241 (Rev. 09/17)

(4) Date of result (if you know):   04/29/2025

(5) Citation to the case (if you know):   257 N.E.3d 190 (Table), 2025-Ohio-1483

(6) Grounds raised:   See Attachment A

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   Cuyahoga County Court of Common Pleas

(2) Docket or case number (if you know):   CR-23-679612-A

(3) Date of filing (if you know):   10/24/2024

(4) Nature of the proceeding:   Petition for postconviction relief, O.R.C. 2953.21

(5) Grounds raised:   See Attachment A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   Petition dismissed as untimely

AO 241 (Rev. 09/17)

(8) Date of result (if you know):     05/01/25

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:     Eighth District Court of Appeals of Ohio

(2) Docket or case number (if you know):     CA-23-113167

(3) Date of filing (if you know):     07/27/2026

(4) Nature of the proceeding:     Delayed application to reopen direct appeal, Oh. App. R. 26(B)

(5) Grounds raised:  See Attachment A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:     Pending

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

    (1) First petition:    ☑ Yes    ☐ No

    (2) Second petition:  ☐ Yes    ☑ No

    (3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Pending in Eighht District Court of Appeals.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Please see attached Petition

for relief.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                              ☐  Yes      ☐  No

(4) Did you appeal from the denial of your motion or petition?                        ☐  Yes      ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes      ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

         (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

         (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

         (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

             ☐ Yes     ☐ No

         (2) If your answer to Question (d)(1) is "Yes," state:

         Type of motion or petition:

         Name and location of the court where the motion or petition was filed:

         Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | | |
|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ❐ | Yes | ❐ | No |
| (4) Did you appeal from the denial of your motion or petition? | ❐ | Yes | ❐ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ❐ | Yes | ❐ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____
_____
_____
_____

(c)　　**Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　　☐　Yes　　☐　No

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____
_____

(d)　　**Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　☐　Yes　　☐　No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion or petition?　　☐　Yes　　☐　No

(4) Did you appeal from the denial of your motion or petition?　　☐　Yes　　☐　No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　　☐　Yes　　☐　No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

## GROUND FOUR: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☐ Yes  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☑ Yes  ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.  Ohio Supreme Court, Case No. 2026-0519, appeal from Eighht District Case No. 115101, which affirmed dismissal of petition for postconviction relief (see #11, above).

Eighth District Court of Appeals Case No. CA-23-113167, application for reopening due to ineffective assistance of counsel on direct appeal.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    James J. McDonnell, 75 Public Square #700, Cleveland, Ohio 44113

(b) At arraignment and plea:    James J. McDonnell

(c) At trial:    James J. McDonnell

(d) At sentencing:    James J. McDonnell

(e) On appeal:    Eric C. Nemecek, Friedman, Nemecek & Long, LLC, 1360 East 9th Street, Suite 650, Cleveland, Ohio 44114; John T. Martin, Marein & Bradley, LLC on application to re-open.

(f) In any post-conviction proceeding:    Eric Nemecek

(g) On appeal from any ruling against you in a post-conviction proceeding:  Eric Nemecek (appeal to 8th Dist. of PCR petition dismissal); John T. Martin, Marein & Bradley, LLC, 1300 East 9th Street, Cleveland, Ohio 44114 (appeal to Ohio Supreme Court from Eighth Dist. decision denying PCR appeal).

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Page 14 of 16

AO 241 (Rev. 09/17)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  Grant writ and order new trial.

or any other relief to which petitioner may be entitled.

/s/ Steven L. Bradley (0046622)

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on       (month, date, year).

Executed (signed) on       (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## ATTACHMENT A

### Procedural history of issues presented

The within case has presented post-conviction issues before the Cuyahoga County Court of Common Pleas, the Eighth District Court of Appeals (twice decided and once pending), and the Ohio Supreme Court (once decided and once pending). These various appeals and applications are summarized in chronological order.

I.  **Direct Appeal to the Eighth District Court of Appeals of Ohio, Case No. 23-113167:**

Assignments of Error:

1.  Insufficient evidence to establish probable cause for bindover of Mackenzie Shirilla to be prosecuted as an adult despite being under the age of 18 at the time of the alleged offense.

2.  Insufficient evidence to sustain convictions at trial.

3.  Convictions are against the manifest weight of the evidence

4.  Improper admission of "other acts" evidence at trial.

5.  Defense improperly precluded from introducing evidence to refute prosecution's "other acts" evidence.

6.  Improper amendment of coroner's report without judicial review.

7.  Denial of confrontation when non-examining medical examiner testified about autopsies performed by other medical examiners.

1

**Attachment A, cont'd**

II. **Appeal to the Ohio Supreme Court from Eighth District's Decision on Direct Appeal, OSC Case No. 2025-0252.**

Propositions of Law:

1. A conviction under R.C. § 2903.02 requires proof that the defendant undertook actions with the specific purpose or intention of causing the death of another.

2. A juvenile's right to Due Process is violated when charges that are not supported by probable cause are bound over to the common pleas court.

3. The State is not exempt from complying with the procedure set forth in Ohio R.C. § 313.19.

4. Failure to comply with the procedure set forth in R.C. § 313.19 constitutes plain error.

III. **Petition for Postconviction Relief Filed in Trial Court Case.**

Grounds: Trial counsel was ineffective in violation of the Sixth Amendment

1. Insufficient investigation, including as to defendant's medical condition.

2. Failure to introduce exculpatory evidence

   a. Evidence that refuted prosecution's other acts evidence and suggested that an alleged victim would have been steering the vehicle at time of collision.

   b. Evidence that defendant had legitimate reason to be on isolated road in early morning because she was en route to pick up groceries that had been left for her by storeowner in vicinity.

IV. **Appeal to the Eighth District, Case No. from Dismissal of Postconviction Relief Petition**

Assignments of Error:

1. The trial court erred in determining that the postconviction relief petition was untimely.

2. Even if untimely, the tardiness in filing the postconviction relief petition should be excused under principles of equitable tolling and/or in the interests of justice.

2

**Attachment A, cont'd.**

V.     **Appeal to the Ohio Supreme Court from the Eighth District's Decision Affirming the Dismissal of the Postconviction Relief Petition, OSC Case No. 2026-0519 (case currently pending in Ohio Supreme Court pursuant to a timely motion for reconsideration of the OSC declination of discretionary jurisdiction).**

Propositions of Law:

1. For purposes of R.C. 2953.21(A)(2)(a), the "trial transcript" is the transcription of those proceedings whose transcription was objectively necessary for inclusion in the appellate record on direct appeal but does not include transcription of those proceedings whose inclusion in the record on appeal was not necessary and was employed as a means of artificially extending the deadline to file a petition for postconviction relief.

2. A transcript of juvenile bindover proceedings leading to the defendant's adult conviction is objectively necessary for inclusion in the appellate record when the brief on direct appeal assigns as error matters that occurred during the bindover hearing.

3. The term "trial transcript" as used in R.C. 2953.21 is sufficiently vague and has been sufficiently subjected to varying interpretations that principles of equitable tolling will excuse a failure to file a timely petition for postconviction relief where the petition was filed within 365 days of a transcript that was reasonably included in the record on direct appeal.

4. When a petition for postconviction relief provides substantial reason to believe that, if granted, the defendant would be acquitted at a new trial, principles of equitable tolling may be exercised to excuse the late filing of a petition for postconviction relief pursuant to R.C. 2953.21.

VI.     **Delayed Application to Reopen Direct Appeal, Eighth District Case No. 23-113167 (currently pending).**

Grounds: Appellate counsel was ineffective for failing to raise the following assignment of error:

Trial Counsel Was Ineffective by Failing to Object to the Improper Amendment to the Coroner's Reports, By Failing to Object to the Testimony of a Non-Examining Medical Examiner, and by Failing to Lay a Proper Foundation for the Admission of Exculpatory Text Messages From D.R. Regarding the July 17th Incident.

3

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mackenzie Shirilla, | : | |
| | : | Case No. |
| Petitioner, | : | Judge |
| | : | |
| vs. | : | |
| | : | |
| Warden, Ohio Reformatory | : | |
| for Women, | : | |
| | : | |
| Respondent. | : | |

---

## MACKENZIE SHIRILLA'S PETITION FOR WRIT OF HABEAS CORPUS

---

### Statement of Case and Facts

At approximately 5:30 a.m. on July 30, 2022, Mackenzie Shirilla had been the driver of a

vehicle that crashed into a building wall at more than 80 mph, resulting in the death of her

boyfriend, D.R., and their mutual friend D.F. She was charged with murder and other related

offenses.

Because she was 17 at the time of the alleged offense, Ms. Shirilla first appeared in the

Juvenile Division of the Cuyahoga County Court of Common Pleas, where, following a bindover

hearing to determine if there was probable cause to believe she committed the murders, she was

bound over and indicted by the grand jury.

Evidence at trial indicated that the vehicle never braked in running into the building,

although there was evidence that the vehicle had turned slightly prior to impact. The prosecution

pursued murder charges under the theory that Shirilla, who had at times not gotten along with D.R.,

intended to kill him and, quite possibly, herself.

Evidence was presented at trial of an altercation between Shirilla and D.R. that occureed on

1

July 17, 2022, two weeks prior to the crash (hereinafter the "July 17th incident"), indicating that Shirilla had driven erratically, had been upset with D.R., and had threatened to crash the car with him in it in the future. The defense had evidence that the erratic driving was the result of D.R.'s having grabbed the wheel from Shirilla. This evidence, in the form of text messages from D.R. to Shirilla was never introduced by the defense.

There was evidence that Shirilla suffered from postural orthostatic tachycardia syndrome, "POTS," a medical condition that could have resulted in her losing consciousness while driving. The defense presented no expert testimony in this regard at trial.

An issue in the case was why Shirilla would have been in the crash location, particularly at such an early morning hour. The prosecution theorized that the location was intended to be private in order for Shirilla to crash the vehicle without immediate attention. But the defense had evidence that a local grocer had left a package of produce for Shirilla at a 24-hour pickup spot at a store located in the vicinity of the crash scene. This would have provided a benign explanation for why Shirilla was driving in this particular area that morning; that evidence was not presented by the defendant even though the grocer testified about other matters.

Another issue in the case centered around an amendment to the coroner's report that changed the manner of the deaths from "accidental" to "homicide." This amendment, made by the medical examiner's office at the request of the police for further inquiry, did not follow Ohio statutory requirements which would have precluded such an amendment without judicial intervention. At trial, the medical examiners that performed the autopsies did not testify. Rather, without objection, the deputy county medical examiner (who was responsible for the amendments) testified about autopsies he did not perform.

2

## Procedural Matters

In addition to trial, direct appeal and a subsequent discretionary appeal to the Ohio Supreme Court, Ms. Shirilla pursued other avenues of post-conviction relief.

First, she filed a petition for postconviction relief pursuant to O.R.C. 2953.21. That petition was dismissed as untimely because it was filed 366 days after the transcript of trial proceedings had been filed in the direct appeal – the statute requires filing of the postconviction relief petition within 365 days of the filing of the "trial transcript" in the direct appeal. The interpretation of "trial transcript" was the subject of an appeal of the dismissal to the Eighth District Court of Appeals and, following affirmance by the Eighth District, to the Ohio Supreme Court where it is still pending; specifically, the question presented is whether the filing of the juvenile bindover transcript in this case, which came after the filing of the transcript of the trial proceedings, is considered the completed filing of the "trial transcript."

Finally, on July 27, 2026, a delayed application to reopen the direct appeal was filed, alleging ineffective assistance of appellate counsel in the direct appeal for not having raised trial counsel's ineffectiveness.

3

**GROUNDS FOR RELIEF**

**First Ground for Relief**

**Ms. Shirilla Was Denied Due process of Law in Violation of the Fourteenth Amendment When Insufficient Evidence to Establish Probable Cause to Bind Over Her Case to Adult Court.**

This ground for relief has been fully preserved and exhausted.

Long ago, the Supreme Court established that "the Due Process Clause does require application during the adjudicatory hearing of 'the essentials of due process and fair treatment.'" *In re Winship,* 397 U.S. 358, 359 (1970). There was insufficient evidence of probable cause to believe that Ms. Shirilla acted purposely or knowingly, which would be required to bind over the murder and felonious assault charges. Moreover, excessive speed, particularly at a time and place where it was unlikely that there would be other vehicles or pedestrians, is not sufficient under Ohio law to constitute recklessness, thus eliminating probable cause to believe the offenses of aggravated vehicular homicide were committed.

Because Ms. Shirilla was denied the appropriate standard of evidence in the assessment of whether she should be bound over, her due process rights were violated.

**Second Ground for Relief**

**Ms. Shirilla Was Denied Due process of Law in Violation of the Fourteenth Amendment When Insufficient Evidence to Sustain the Convictions at Trial.**

This ground for relief has been fully preserved and exhausted.

For the same reasons that there was insufficient evidence to justify the bindover, there was also insufficient evidence to sustain convictions for the offenses of murder, felonious assault, or aggravated vehicular homicide. *See generally, Jackson v. Virginia,* 443 U.S. 307 (1979). "No [person] should be deprived of [their] life under the forms of law unless the jurors who try him are able, upon their consciences, to say that the evidence before them is sufficient to show beyond a reasonable doubt

4

the existence of every fact necessary to constitute the crime charged." *In re Winship,* 397 U.S. at 363.

**Third Ground for Relief**

**Ms. Shirilla Was Denied Due process of Law in Violation of the Fourteenth Amendment When Ohio Failed to Follow its Own Laws and Improperly Amended the Coroner's Report.**

This ground for relief has been fully preserved and exhausted.

"[W]hen a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution-and, in particular, in accord with the Due Process Clause. *Evitts v. Lucey,* 469 U.S. 387, 401 (1985). Under Ohio law, the coroner's determination of the manner of death is presumptively correct and would have been valuable evidence for the defense at trial. Ohio has not only established this substantive legal significance to the determination of the manner of death; to ensure that the coroner's report maintains its integrity, Ohio's Revised Code, section 313.19, requires that the coroner's findings in this regard remain undisturbed absent judicial intervention. Yet here, the Cuyahoga County Medical Examiner's Office amended the report at police suggestion, and without following the statutory requirements. In that Ohio has established substantive and procedural guarantees and procedures attendant to the validity of a coroner's report, Ms. Shirilla was denied Fourteenth Amendment due process when the reports were amended in the manner that took place in the instant case.

**Fourth Ground for Relief**

**Ms. Shirilla Was Denied Due process of Law in Violation of the Fourteenth Amendment When the Trial Court Dismissed the Petition For Postconviction Relief on the Erroneous Basis That the Petition Was Untimely Filed.**

This ground for relief has been fully preserved and exhausted. Because Ohio's postconviction relief process is necessary to ensure criminal defendants with meaningful review of wrongful convictions, Fourteenth Amendment due process is violated when courts incorrectly interpret O.R.C. 2953.21 et seq. Here, the definition of "trial transcript" includes the transcription

5

of all proceedings leading to trial that are necessary for the ensuing direct appeal. Had the trial court, and the Eighth District, interpreted "trial transcript" correctly, the petition for postconviction relief, which alleged and demonstrated ineffective assistance of trial counsel in violation of the Sixth Amendment, would have been heard on its merits. Because "trial transcript" was not interpreted correctly, Ms. Shirilla has been denied due process under the Fourteenth Amendment. *See Evitts*, 469 U.S. at 401 ("[W]hen a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution-and, in particular, in accord with the Due Process Clause.").

Moreover, even if the trial court's interpretation was acceptable, principles of equitable tolling should have been employed to excuse any tardiness in filing the petition for postconviction relief. Even if the postconviction relief petition was late by one day, Fourteenth Amendment due process should have excused the late filing on equitable grounds. In this case, the petition was filed one year after the transcript of the trial proceedings was filed in the direct appeal – the 366th day arises from 2024 having been a Leap Year. Because O.R.C. 2953.21 is essential to a defendant's Fourteenth Amendment due process rights to protect against wrongful conviction, principles of equitable tolling are also required by the Fourteenth Amendment.

### Fifth Ground for Relief

**Ms. Shirilla Was Denied Her Sixth Amendment Right to Confrontation When the State Failed to Present the Witnesses Who Provided Evidence Against Her.**

The State presented the testimony of Dr. Joseph Felo to testify about autopsies performed by other medical examiners. Although these autopsies were performed by two other medical examiners, the State did not present those witnesses, and Ms. Shirilla was unable to confront them. See, *Melendez-Diaz v. Massachusetts,* 557 U.S. 305 (2009). This violated Ms. Shirilla's Sixth Amendment right to confrontation.

6

At the outset, it should be noted that Shirilla's attorneys failed her at trial and on direct review by failing (1) to object to Felo's testimony and (2) after raising the confrontation issue on direct appeal, having failed to include it in the discretionary appeal taken to the Ohio Supreme Court thereafter. Nonetheless, this issue may still be considered by this Court because cause and prejudice is established by the ineffective assistance of trial and appellate counsel. The Due Process Clause provides a remedy to address claims of ineffective assistance of counsel during a first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 388-91 (1985). In the Sixth Circuit, the two prong test from *Strickland v. Washington*, 466 U.S. 668 (1984)—whether there is deficient performance and prejudice—applies to claims raised under *Evitts v. Lucey. See Bowen v. Foltz*, 763 F.2d 191, 194, n.3 (6th Cir. 1985) (citing *Gilbert v. Sowders*, 664 F.2d 1146 (6th Cir. 1981).

The Sixth Amendment guarantees a defendant the right to confront the witnesses against them. Here, in violation of that right to confrontation, Dr. Felo testified about the two autopsies, even though they were performed by two other medical examiners. See, *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).

## Sixth Ground for Relief

**Ms. Shirilla Was Denied Her Sixth Amendment Right to the Effective Assistance of Trial Counsel.**

The effective assistance of counsel is guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668 (1984). It may be argued that Grounds 6.A through 6.C could have been raised on direct appeal and were not. If so, then these grounds may still be considered by this Court because cause and prejudice is established by the ineffective assistance of trial and appellate counsel. The Due Process Clause provides a remedy to address claims of ineffective assistance of counsel during a first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 388-91 (1985). In the Sixth Circuit, the two prong test from *Strickland v. Washington*, 466 U.S. 668 (1984)—whether there is

7

deficient performance and prejudice—applies to claims raised under *Evitts v. Lucey. See Bowen v. Foltz,* 763 F.2d 191, 194, n.3 (6th Cir. 1985), citing *Gilbert v. Sowders,* 664 F.2d 1146 (6th Cir. 1981).

A delayed application to reopen the direct appeal to consider the issues presented in Grounds 6.A through 6.C is pending in the Eighth District. That application to reopen explains that it could not have been timely filed (i.e. within 90 days of the original appellate decision on direct appeal) because appellate counsel continued on as postconviction counsel and was not replaced by undersigned counsel until recently.

It may also be argued that Grounds 6 C through 6 E (particularly Grounds 6 D and 6 E) should have been raised via a *timely filed* petition for postconviction relief and were not. If so, then these grounds may still be considered by this Court because cause and prejudice is established by the ineffective assistance of trial and postconviction counsel. Shirilla's post-conviction attorneys were ineffective because they failed to meet the 365-day filing deadline for postconviction relief petitions. Her state post-conviction counsel failed to present meritorious issues regarding the ineffective assistance she received from trial counsel and failed to represent her according to prevailing professional norms. The Sixth Circuit has held that the *Martinez-Trevino*[1] exception applied in Ohio cases. *White v. Warden,* 940 F.3d 270 (6th Cir. 2019).

**A. Trial counsel was ineffective for failing to object to the amendment of the coroner's report.**

As discussed in Ground Three, incorporated by reference herein, the amendment of the coroner's report violated due process. Counsel was ineffective in violation of the Sixth Amendment for not objecting to the amendment, which materially affected the evidence by removing a statutory

---

[1] *Martinez v. Ryan,* 566 U.S. 1 (2012), *Trevino v. Thaler,* 569 U.S. 413 (2013).

8

presumption that the deaths were accidental.

**B. Trial counsel was ineffective for failing to object to Dr. Felo's testimony on confrontation and State hearsay grounds.**

As discussed in Ground Five, incorporated by reference herein, Dr. Felo's testimony violated the Sixth Amendment right to confrontation. By failing to object to the testimony, trial counsel was ineffective in violation of the Sixth Amendment.

Moreover, because the coroner has law enforcement authority under Ohio law, and particularly in the instant case because the coroner's report has been amended by Felo pursuant to a police request, the report and all related records were law enforcement records in this instance. Under Ohio Evid. Rule 803(8), testimony by a prosecution witness would be inadmissible hearsay. Effective counsel would have excluded Felo's testimony on this basis as well. Failure to do so was violative of the Sixth Amendment right to counsel.

**C. Trial counsel was ineffective for failing to present exculpatory evidence regarding the July 17th incident.**

As discussed in the Background section, above, counsel had access to exculpatory evidence that refuted the prosecution's "other acts" evidence suggesting that Ms. Shirilla had previously driven dangerously with D.R. in the vehicle and threatened to crash the car in the future. Trial counsel should have presented text-message evidence that D.R. was actually the instigator of the July 17th incident. Failure to do so was ineffective in violation of the Sixth Amendment. Moreover, when prevented from presenting this evidence because trial counsel failed to lay the proper evidentiary foundation (even though witnesses were available to authenticate the text messages), trial counsel compounded the problem by failing to proffer the text messages for inclusion in the appellate record.

9

**D. Trial counsel was ineffective for failing to present evidence that Ms. Shirilla had reason to be in the crash vicinity to pick up produce.**

As mentioned in the Background, above, trial counsel was privy to information from witness Allison Groleau, a local grocer whose store was near the crash scene. Groleau testified at trial regarding having known Shirilla and D.R. and provided testimony regarding their relationship's stability. But more important testimony from Groleau, that she had left produce for Shrilla to pick up from a storage area of the store, was left unasked by trial counsel. This would have explained what was otherwise suspicious – that there was no reason for Shirilla to have been in the vicinity of the crash on the morning of July 30, 2022. Counsel's failure to raise this issue during his examination of Groleau constituted ineffective assistance in violation of the Sixth Amendment.

**E. Trial counsel was ineffective for failing to fully investigate Ms. Shirilla's medical condition and present evidence in this regard.**

Trial counsel failed to adequately investigate Ms. Shirilla's POTS affliction, and its potential effect on her driving. As set forth in her dismissed postconviction relief petition, Ms. Shirilla had made trial counsel aware of this condition and had provided counsel with medical records demonstrating that she suffered from POTS. Yet counsel failed to provide expert testimony in this regard, which undermines confidence in the convictions in the instant case. Moreover, trial counsel did not offer the medical records provided to him. Again, counsel was ineffective in violation of the Sixth Amendment.

**Seventh Ground for Relief**

**Ms. Shirilla Was Denied Her Due Process Right to the Effective Assistance of Appellate Counsel.**

Appellate counsel was ineffective for failing to raise on direct appeal trial counsel's on-the-record ineffectiveness at trial. Grounds 6.A. and 6.B. are incorporated by reference herein. Each of trial counsel's failures in this regard could have been raised on direct appeal. In this regard, with

10

respect to Ground 6.C, incorporated by reference herein, the record from the juvenile bindover hearing provided evidence of the exculpatory text messages. None of the issues presented in Grounds 6.A through 6.C were mentioned in the direct appeal because the direct appeal never raised trial counsel's ineffectiveness.

The Due Process Clause provides a remedy to address claims of ineffective assistance of counsel during a first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 388-91 (1985). In the Sixth Circuit, the two prong test from *Strickland v. Washington*, 466 U.S. 668 (1984)—whether there is deficient performance and prejudice—applies to claims raised under *Evitts v. Lucey. See Bowen v. Foltz*, 763 F.2d 191, 194, n.3 (6th Cir. 1985), citing *Gilbert v. Sowders*, 664 F.2d 1146 (6th Cir. 1981).

Finally, as previously noted, there is a pending motion to reopen the direct appeal and have the Eighth District Court of Appeals review the ineffective assistance of trial counsel on direct appeal.

## Eighth Ground for Relief

**Ms. Shirilla Was Denied Her Due Process Right to the Effective Assistance of Post-conviction Counsel.**

Post-conviction counsel was ineffective for failing to timely file the petition for postconviction relief. A petition for postconviction relief pursuant to O.R.C. 2953.21 was filed and raised the issues presented in Grounds 6.C., 6.D., and 6.E., which are incorporated herein by reference. But the petition was untimely. Shirilla's post-conviction counsel was ineffective because counsel failed to meet the timeframe for filing a postconviction relief petition. This constitutes ineffective assistance of post-conviction counsel in violation of the Due Process Clause. *White v. Warden, supra.*

11